IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL GALVEZ, an individual,

        Plaintiff,

   v.

CARDINAL HEALTH, INC. and DOES 1-100,

        Defendants.
_____/

No. 2:07-CV-1562-JAM-EFB

<u>ORDER GRANTING SUMMARY JUDGMENT</u>

Paul Galvez ("Plaintiff") brought this action against Cardinal Health, Inc. ("Defendant") for violation of the California Fair Employment and Housing Act ("FEHA"), Government Code § 12900, et seq., and for wrongful termination in violation of public policy. Defendant now moves for summary judgment. Plaintiff opposes the motion. For the reasons stated below, Defendant's Motion for Summary Judgment is GRANTED.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 78-230(h).

1

BACKGROUND

Defendant hired Plaintiff in June 2000 as a night shift warehouse worker at Defendant's Elk Grove warehouse. Statement of Undisputed Fact ("SUF") ¶ 1. During his employment with Defendant, Plaintiff received favorable performance reviews and was generally viewed as a good employee. Id. ¶ 4. As a warehouse worker, Plaintiff was not permanently stationed in one department, but rather moved from department to department based on need. Id. ¶ 38.

In May of 2002, Plaintiff was diagnosed with HIV. Id. ¶ 7. Plaintiff never informed Defendant of his diagnosis during the course of his employment. Id. ¶ 8. Following his diagnosis, Plaintiff requested and was granted accommodations by Defendant, including extended leaves, temporary reduced work schedules, and intermittent leave, for a "chronic medical condition". Id. ¶¶ 9-16.[2]

Plaintiff expressed to his supervisor his desire to work exclusively in the Cage and Vault area of the warehouse and to not be moved from department to department throughout the night. Id. ¶ 17. On August 24, 2006, Plaintiff left work after seeing that he had been assigned to work the Case Side area of the

---

[2] Plaintiff's evidentiary objections (Docket at 21) were each considered and overruled.

warehouse. Id. ¶ 21. After this incident, Plaintiff met with several supervisors. Id. ¶ 22. During this meeting, Plaintiff requested to be allowed to work exclusively in the Cage and Vault area and to not work overtime. Id. ¶ 23.

On August 31, 2006, Plaintiff received a corrective action notice based on the August 24, 2006 incident. Id. ¶ 25. The same day, Plaintiff visited his doctor. Id. ¶ 26. Plaintiff's doctor wrote a note indicating that Plaintiff would require a leave of absence from September 20, 2006 through October 31, 2006 and could return to work without restrictions on November 1, 2006. Id. ¶ 27. On October 26, 2006, Plaintiff requested that his physician provide him with a note with several work restrictions. Id. ¶ 29. On October 30, 2006, Plaintiff submitted the note, which stated that Plaintiff had a permanent disability and could not lift more than twenty-five pounds on a regular basis, could only work a maximum of forty hours a week, and should not work in more than one department per shift. Id. ¶¶ 30-31. The restrictions applied to the duration of Plaintiff's employment with Defendant. Id. ¶ 32.

Plaintiff was told that his restrictions could not be accommodated. Id. ¶ 43. Plaintiff was told that if his restrictions were lifted or modified, he might be able to get his job back. Id. ¶¶ 44-45. Plaintiff never returned to work with Defendant. Id. ¶ 48.

On June 29, 2007, Plaintiff commenced this action in the Superior Court of the State of California, County of Sacramento. On August 1, 2007, the action was removed to this Court. Docket at 1.

## OPINION

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the nonmoving party will have the burden of proof on an issue at trial, the movant's burden may be discharged by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. See id. at 325. Summary judgment for a defendant is appropriate when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to its case, and on which [he] will bear the burden of proof at trial. Id. at 322.

If the moving party sustains its burden, the burden then shifts to the nonmoving party to go beyond the pleadings and by his or her own affidavits, or by the depositions, answers to

interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. See Celotex, 477 U.S. at 324 (citing Fed.R.Civ.P. 56(e)). "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc., 210 F.3d 1099, 1103 (9th Cir. 2000). Summary judgment is appropriate if, viewing the evidence and the inferences therefrom in the light most favorable to the nonmoving party, there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Valandingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir. 1989).

    Defendant argues that Plaintiff cannot establish a prima facie case of disability discrimination under FEHA. Plaintiff must establish a prima facie case by showing: "(1) plaintiff suffers from a disability; (2) plaintiff is a qualified individual; and (3) plaintiff was subjected to an adverse employment action because of the disability." Brundage v. Hahn, 57 Cal.App.4th 228, 236 (1997). Defendant argues that Plaintiff has not met his burden because he is not a qualified individual under the meaning of FEHA.

    Although FEHA prohibits discrimination on the basis of an employee's disability, it excludes from coverage "persons who

are not qualified, even with reasonable accommodation, to perform essential job duties." Green v. State of California, 42 Cal.4th 254, 262 (2007).  Defendant argues that the ability to lift a minimum of forty pounds on a regular basis, work overtime, and move to different departments are essential job duties.  Plaintiff does not dispute that the ability to lift forty pounds and to move from department to department are essential job functions.  See Pl. Reply to SUF ¶¶ 35, 37.  Rather, Plaintiff argues that Defendant could have accommodated him by allowing him to work exclusively in the Cage and Vault area of the warehouse.  Id.  Plaintiff does dispute that the ability to work overtime is an essential job duty of a warehouse worker.  Id. ¶ 36.

   However, Plaintiff's desired accommodation, being permanently assigned Plaintiff to the Cage and Vault area, goes beyond the requirements FEHA places upon Defendant.  FEHA does not require an employer to create a new position to accommodate a disabled employee. See Raine v. City of Burbank, 135 Cal.App.4th 1215, 1227 (2006) ("an employer has no duty…to accommodate a disabled employee by making a temporary accommodation permanent if doing so would require the employer to create a new position just for the employee."); see also Watkins v. Ameripride Servs., 375 F.3d 821, 828 (9th Cir. 2004) (employer not required to create new position); Lopez v.

Unisource Worldwide, Inc., No. C 06-6290, 2007 U.S. Dist. LEXIS 88984, at *16 (N.D. Cal. Dec. 4, 2007) (disabled warehouse employee not qualified under FEHA when he could not perform duties of a conventional warehouse position).  Although Plaintiff argues that other employees were accommodated by being permitted to work exclusively in the Cage and Vault area, he has not shown that any were permitted to do so on a permanent basis or that a new position was created for them.  Because Plaintiff could not perform all of the conventional job duties of his original position with or without accommodation, he was not a qualified individual under FEHA.[3]

    Defendant has also adequately demonstrated that it did not fail to accommodate Plaintiff by not transferring him to another position.  Defendant has shown that there were no existing positions to which Plaintiff could have been transferred.  See SUF ¶¶ 50-58.  Defendant notes and Plaintiff concedes that there were no available positions for which Plaintiff was qualified and/or whose essential job duties he could perform.  Although Plaintiff argues that Defendant failed to engage in an interactive process to discuss possible accommodations, his claim fails as a reasonable accommodation was not available.

---

    [3] The Court does not need to address whether overtime is an essential job duty for the warehouse position because it finds that even if it weren't, Plaintiff could not perform his other essential job duties.

7

See Nadaf-Rahrov v. The Neiman Marcus Group, Inc., 166 Cal.App.4th 952, 982 (2008).  Defendant has shown that there was no reasonable accommodation that would have permitted Plaintiff to perform his duties as a warehouse worker, nor was there an existing position to which he could be transferred.  Therefore, Plaintiff's failure to accommodate claim must fail.  Accordingly, summary judgment in favor of Defendant is appropriate on Plaintiff's FEHA claims.

Additionally, Defendant is entitled to summary judgment on Plaintiff's wrongful termination claim.  Because Plaintiff's wrongful termination claim is premised of a violation of public policy, it must fail if there is no underlying FEHA violation.  See Hanson v. Lucky Stores, 74 Cal.App.4th 215, 229 (1999).

                                ORDER

For the reasons stated above, Defendant's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

Dated: December 19, 2008                    _____
                                            JOHN A. MENDEZ,
                                            UNITED STATES DISTRICT JUDGE